TAD A. DEVLIN (SBN 190355)
JOEL A. MORGAN (SBN 262937)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
Email: tdevlin@gordonrees.com
Email: jmorgan@gordonrees.com

Attorneys for Defendants

AETNA LIFE INSURANCE COMPANY;
THE SPRINT/UNITED MANAGEMENT
COMPANY LONG TERM DISABILITY PLAN;
SPRINT/UNITED MANAGEMENT COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRANKS, an individual,<br><br>   Plaintiff,<br><br> vs.<br><br>AETNA LIFE INSURANCE COMPANY; THE SPRINT/UNITED MANAGEMENT COMPANY LONG TERM DISABILITY PLAN; SPRINT/UNITED MANAGEMENT COMPANY, in its capacity as Plan Administrator,<br><br>   Defendants. | CASE NO. CV 10-3880 CW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[ERISA, 29 U.S.C. Sections 1001 *et seq.*]<br><br>Date: December 8, 2011<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Hon. Claudia Wilken<br><br>Accompanying Papers:<br>1) Declaration of Tad Devlin;<br>2) Declaration of Sabrina Misiaszek<br>3) [Proposed] Order.<br><br>Complaint Filed: August 30, 2010 |

# TABLE OF CONTENTS

**Page(s):**

NOTICE OF MOTION AND MOTION ...................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................2

INTRODUCTION ....................................................................................................................2

RELEVANT FACTS ...............................................................................................................3

    A.    The Sprint Long Term Disability Plan............................................................ 3

    B.    Initial claim review ......................................................................................... 4

    C.    Franks' appeal of the claim decision .............................................................. 4

    D.    The pleadings .................................................................................................. 9

    E.    Post-lawsuit claim administration................................................................... 9

    F.    Franks' counsel has unnecessarily hindered the claim administration process, disguised as litigation efforts .................................................. 10

LEGAL ARGUMENT.............................................................................................................12

    A.    Defendants are entitled to judgment as a matter of law because franks failed to exhaust his administrative remedies before filing suit ......................... 12

    B.    Aetna is and has been paying LTD benefits to Franks and agreed to do so through the "any occupation" period subject to the Plan terms............................ 14

    C.    Franks' claim for breach of fiduciary duty is the same as his claim for benefits and should be dismissed................................................................... 15

        1.    Franks' alternative demand for benefits is moot and legally improper .....15

        2.    Franks' breach of fiduciary duty claim is legally improper because he has another adequate remedy under ERISA...........................................16

    D.    Franks' breach of fiduciary duty claim is nonjusticiable...................................... 17

        1.    Equitable relief for past benefits is moot ....................................................17

        2.    Equitable relief for future benefits is unripe and unnecessary...................18

            a.    A declaration of Franks' future benefits inappropriately would make the court act as the claims administrator ..................18

            b.    Because Aetna has not denied franks future benefits, his claim is unripe.............................................................................19

E.  Franks is not entitled to any remedy and cannot prove the necessary elements of his cause of action .............................................................................. 20

   1.  Franks is not entitled to attorney's fees because he did not obtain "some relief on the merits" ........................................................................ 20

   2.  Franks is not entitled to interest on past benefits because there was no judgment and no finding Aetna acted wrongfully ............................... 22

      a.  Because there is no judgment, there can be no prejudgment interest award ................................................................................... 22

      b.  The court should deny an award of interest ................................... 23

CONCLUSION .......................................................................................................................... 24

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

# <u>TABLE OF AUTHORITIES</u>

**Page(s):**

**Cases**

*Amato v. Bernard*
   618 F.2d 559 (9th Cir. 1980) ................................................................... 12

*Arizonans for Official English v. Arizona*
   520 U.S. 43 (1997) ................................................................................... 14

*Buckhannon Board and Care Home Inc. v. West Virginia Department of Health*
   532 U.S. 598 (2001) ........................................................................... 21, 22

*Celotex Corp. v. Catrett*
   477 U.S. 317 (1986) ................................................................................. 12

*City of Erie v. Pap's A.M.*
   529 U.S. 277 (2000) ................................................................................. 14

*City of Santa Barbara v. U.S.*
   269 F.Supp. 855 (C.D. Cal. 1967) .......................................................... 19

*Dishman v. UNUM Life Ins. Co. of Am.*
   269 F.3d 974 (9th Cir. 2001) ............................................................. 22, 23

*Eureka Fed. Say. & Loan Ass'n v. Am. Cas. Co.*
   873 F.2d 229 (9th Cir. 1989) ................................................................... 17

*Fleming v. Kemper Nat'l Servs.*
   373 F. Supp. 2d 1000 (N.D. Cal. 2005) ................................................... 23

*Ford v. MCI Communications Corp. Health & Welfare Plan*
   399 F.3d 1076 (9th Cir. 2005) ................................................................. 17

*Forsyth v. Humana, Inc.*
   114 F.3d 1467 (9th Cir.1997) .................................................................. 17

*Great-West Life & Annuity Ins. Co. v. Knudsen*
   534 U.S. 204 (2002) ................................................................................. 16

*Hardt v. Reliance Std. Life Ins. Co.*
   130 S. Ct. 2149 (2010) .................................................................. 1, 21, 22

*Hunt v. State Farm Mut. Auto Ins. Co.*
   655 F.Supp. 284 (D.Nv. 1987) ................................................................ 19

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*
   312 U.S. 270 (1941) ................................................................................. 19

*Mathews v. Chevron Corp.*,
   362 F.3d 1172 (9th Cir. 2004) ................................................................. 16

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

*Microtec Research v. Nationwide Mut. Ins. Co.*
   40 F.3d 968 (9th Cir. 1994) ................................................................................. 12

*Minton v. Deloitte & Touche USA LLP Plan*
   2011 U.S. Dist. LEXIS 60398, *2, fn. 3 (N.D. Cal. June 3, 2011)..................... 15

*Ruckelshaus v. Sierra Club*
   463 U.S. 680 (1983)............................................................................................ 21

*Shaw v. International Assoc. of Machinists & Aerospace Workers Pension Plan*
   750 F.2d 1458 (9th Cir. 1985) ........................................................................... 22

*Simonia v. Glendale Nissan/Infiniti Disability Plan*
   608 F.3d 1118 (9th Cir. 2010) ........................................................................... 21

*Smyrni v. U.S. Investigative Services LLP Plan*
   2010 U.S. Dist. LEXIS 20002 (N.D. Cal. 2010) ................................................ 23

*Stenson v. Jefferson Pilot Fin. Ins. Co.*
   2008 U.S. Dist. LEXIS 46298, *13, *18 (C.D. Cal. 2008)................................. 19

*Tolson v. Avondale Indus., Inc.*
   141 F.3d 604 (5th Cir.1998) .............................................................................. 17

*Varity Corp. v. Howe*
   516 U.S. 489 (1996)............................................................................................ 16

*Vaught v. Scottsdale Healthcare Corp. Health Plan*
   546 F.3d 620 (9th Cir. 2008) ............................................................................. 13

*Vizcaino v. Microsoft Corp.*
   120 F.3d 1006 (9th Cir. 1997) ........................................................................... 18

*West v. Sec. of Dept. of Transp.*
   206 F.3d 920 (9th Cir. 2000) ....................................................................... 14, 15

**Statutes**

29 C.F.R. § 2560.503-1(h) (i) ............................................................................... 3, 4

29 United States Code § 1132(a)(3)........................................................................ 16

29 United States Code § 1132(g)(1) ....................................................................... 20

ERISA § 502(a)(3).................................................................................................... 16

Federal Rule of Civil Procedure 56(a) .................................................................... 12

United States Constitution Art. III, § 2 ................................................................... 14

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 8, 2011 at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 2 of the above-entitled Court located at 1301 Clay Street, Oakland, California 94612, Defendants Aetna Life Insurance Company ("Aetna"), The Sprint/United Management Company Long Term Disability Plan, and Sprint/United Management Company (together "Sprint Defendants," together with Aetna "Defendants") move the Court to grant summary judgment because Aetna already awarded plaintiff Michael Franks long-term disability benefits, and is current on all benefits payments. The lawsuit is moot now and was premature when it was filed.

As Franks and his counsel are aware, Aetna's final claim decision on appeal was pending (and timely) when Franks filed suit. Counsel for Aetna met and conferred with Franks' counsel about dismissing the suit, but Franks refuses to do so, presumably in an effort to try to recover fees and costs from Aetna, when none are due. Instead, Aetna has been forced to bring this motion, and reserves rights to seek reasonable fees and costs from Franks and his counsel related to this motion. Franks, having been put back on benefits, has no legitimate remaining claims and did not by this lawsuit achieve success on the merits entitling consideration of a fee award under *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149 (2010).

Since the time Aetna advised Franks, through his counsel, of its claim decision, the handling (that Franks' counsel will likely reference in opposition to this motion) has been purely administrative, and attorney involvement has only slowed the process and *payment* of Franks' benefits. Further claim administration (e.g., document exchanges between the parties and payment of benefits) does not, and should not, involve judicial supervision and certainly does not require adjudication. Franks has no valid claims and can always reinitiate litigation, if necessary.

As a matter of law, Franks' lawsuit and prayer for relief should be dismissed, based on the following grounds:

1.      Franks failed to exhaust his administrative remedies prior to filing suit against Defendants;

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

2.      Franks has been and is receiving benefits, so his first cause of action is moot;

3.      Franks' second cause of action for breach of fiduciary duty is duplicative of his first cause of action and seeks the same relief; as such, it is moot;

4.      Franks' second cause of action is also nonjusticiable, because the declaratory relief he seeks is moot as to past benefits and unripe as to future benefits; and,

5.      Franks is not entitled to any additional relief - attorneys' fees and prejudgment interest – and he has no claim on which relief can be granted.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Tad Devlin, and Sabrina Misiaszek in support of this motion, the records and pleadings on file in this action, and upon such further evidence, either oral or documentary, as this Court may consider at the hearing on this Motion.

Defendants reserve the right for oral argument on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 3-4, 7-2, 7-4, and 56, Defendants bring this motion for summary judgment.

## INTRODUCTION

Franks is and has been receiving LTD benefits from Aetna and will continue to do so through the "any occupation" period until retirement, contingent on his continued qualification for benefits under the Plan.  In other words, barring a cure or treatment for the condition that precludes him from working, Franks will receive LTD benefits from Aetna until 2013.  His lawsuit was premature when filed and is now moot.

Franks failed to exhaust his administrative remedies before bringing this suit.  When Aetna told Franks it was about to render its appeal decision, Franks preemptively sued Aetna before it could issue its appeal decision *awarding* benefits to Franks.  This alone is a complete defense to this action.

Each and every cause of action Franks asserts is nonjusticiable at this point.  Aetna's ongoing payment of his benefits renders his demand for benefits under his first cause of action moot.  His claims for declaratory and other equitable relief under his second cause of action are

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

1   either moot or unripe.  Franks' failure to achieve any success on the merits means he should not

2   obtain any further relief from this Court in terms of prejudgment interest or attorney's fees,

3   which are driving the continued litigation by Franks and his counsel.

4          Following Aetna's initial denial of benefits, Franks' counsel held up Aetna's appeal

5   process for more than nine months by his dilatory practices, to wit: delays in providing the

6   information Aetna needed; delays in evaluating the information he was given; delays in even

7   ministerial tasks.  On the eve of Aetna's appeal determination (and after having been advised by

8   Aetna it was about to render a decision), Franks filed this lawsuit.  By the ERISA-mandated

9   deadline, *see generally* 29 C.F.R. § 2560.503-1(h) and (i), Aetna had made its decision to award

10  Franks disability benefits.

11         Although Aetna has been paying benefits to Franks since October 2010, Franks still

12  refuses to dismiss this case, essentially holding Aetna hostage under the threat of the second

13  claim for relief, which seeks the exact same relief already being provided to Franks: his LTD

14  benefits.  He uses this improper claim to argue the continuing viability of his demands for pre-

15  judgment interest (even though no judgment was issued) and attorney's fees (even though none

16  are proper under clear and controlling authority).  His counsel continues to demand that all

17  routine claim communications by Aetna run through counsel, for no apparent reason other than

18  to allow counsel to increase his billable hours, thereby to justify his demand for considerable fees

19  on a case that was, in effect, decided in Franks' favor before it was filed.

20         In short, Franks can achieve nothing with this lawsuit except to burden this Court and

21  Defendants with unnecessary and continued litigation.  For these reasons, Defendants

22  respectfully request the Court grant summary judgment.  Defendants are also considering a

23  separate motion for attorneys' fees and costs incurred in having to bring this motion.

### RELEVANT FACTS

24

25  A.      **The Sprint Long Term Disability Plan**

26         Plaintiff Michael Franks is a covered employee under the Sprint/United Management

27  Long Term Disability Plan (the "Plan").  (Declaration of Sabrina Misiaszek ("Misiaszek Decl."

28  at ¶ 2.)  The Plan pays a monthly benefit for a period of disability caused by a disease or injury.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

(*See id.* at Exh. 31 [SPD at pg. 2].)  For the first twenty-four months after a participant's date of disability, a participant is considered disabled if he is not able to perform the material duties of his own occupation solely because of disease or injury.  (*Id.*)  After this initial "own occupation" period, a participant is considered disabled if his disease or injury renders him unable to work at any reasonable occupation, referred to as the "any occupation" period.  (*Id.*)

The Plan has an elimination period of 180 days.  (*See id.* at Exh. 30 [Summary of Coverage at pg. 3.].)  Under the Plan, Aetna has 45 days to review an appeal, and can get an extension of up to 45 days on written notice.  (*See id.* at Exh. 31 [SPD at pg. 18]); and *see also* 29 C.F.R. § 2560.503-1(h) and (i).

Franks last worked on August 30, 2008, so after the 180-day elimination period, his date of disability was calculated as February 26, 2009.  (*See id.* at Exh. 1.)  Thus, Franks' "own occupation" period ran through February 25, 2011, and the "any reasonable occupation" period began on February 26, 2011.  (*See id.* at Exh. 27.)

**B.    Initial claim review**

On or about March 9, 2009, Franks submitted documentation related to his claim for long-term disability benefits.  (*Id.* at ¶ 4.)

On June 19, 2009, Aetna denied the claim based on a lack of sufficient medical evidence supporting a finding he was disabled.  (*Id.* at ¶ 6, Exh. 3.)  Aetna notified Franks that it would consider additional information and specifically identified the information that would assist in its further claim evaluation.  (*Id.*)

**C.    Franks' appeal of the claim decision**

The appeal process lasted from July 7, 2009, when Franks' attorney, Julian Baum, submitted a notice of intent to appeal, until October 1, 2010, when Aetna notified Franks' counsel of its decision to award benefits.  (*Id.* at ¶ ¶  4, 33, Exh. 4; and Declaration of Tad Devlin ("Devlin Decl.") at ¶ 5.)  During those fifteen months, Aetna met the ERISA-mandated 45-day review period, plus one 45-day extension.  (Misiaszek Decl. at ¶ 25; Exh. 21.)  The remaining twelve months consisted of exchanges of information and delay caused by Franks' counsel.

Here are some examples:

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

- On July 7, 2009, Mr. Baum wrote Aetna notifying it of Franks' intent to appeal. He requested Aetna and/or the Plan administrator provide the claim file, all other information related to Franks not contained in the claim file, and documents to which Franks was entitled under ERISA. Although no litigation was pending, Baum also requested a log of all documents Aetna withheld and the basis on which they were not provided. (*Id*. at ¶ 7, Exh. 4.)

- Three weeks later, on July 28, 2009, Baum provided Franks' signed authorization to allow Aetna to provide Baum with documents, records or information Aetna requested, but modified the form to limit the authorization to August 1, 2010, restricting Aetna's ability to obtain information. Baum also reiterated his document requests. (*Id*. at ¶ 8, Exh. 5.)

- On September 2, 2009, Sprint sent Baum the Plan-related documents he requested. (Devlin Decl. at ¶ 2, Exh. 1.)

- On September 15, 2009, Aetna mailed Baum a "summary of all claims submitted to Aetna on behalf of" Franks in response to his document requests. (Misiaszek Decl. at ¶ 9, Exh. 6.)

- On November 6, 2009, Baum sent Aetna Franks' appeal letter, which consisted entirely of demands for additional information, but provided no new medical records or information. Baum indicated he could not complete Franks' appeal without Aetna's internal claims assessment guidelines and the group policy.[1] Franks provided no new information to Aetna. Thus, the administrative correspondence between Aetna and Baum in reality was about Baum's repeated requests for information from Aetna.

  Although Baum also demanded Aetna inform him "what you consider necessary to perfect Mr. Franks' claim for benefits," Aetna had already provided the information requested by Baum in its June 19, 2009, denial letter. Franks' entire appeal consisted of

---

[1] Ultimately, Baum does not reference or cite any of these internal documents in Franks' final appeal letter. His silence suggests that his review of Aetna's claims practices did not yield a finding that Aetna had handled Franks' claim wrongfully. At all times, Aetna acted properly, reasonably, timely (under the Plan and the ERISA rules and regulations), and in fact came to the final decision to award benefits. This lawsuit had no impact on the claim decision.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

demands (some duplicative) for more information from Aetna and Sprint.  (*Id*. at ¶ 10, Exh. 7.)

- On December 2, 2009, Aetna informed Baum it began its appeal review as of November 9, 2009, the day Aetna received the appeal request; and that Aetna would render its appeal decision within 45 days.  (*Id*. at ¶¶ 11, 12, Exh. 8.)

- On December 4, 2009, Aetna wrote Baum to confirm an earlier conversation in which Baum requested "additional time to submit medical documentation" for the appeal review.  Baum represented that additional information existed to support Franks' claim, so Aetna agreed to place its review on hold until January 17, 2010, by which time Baum needed to provide that information.  (*Id*. at ¶ 13, Exh. 9.)

- On January 6, 2010, Aetna sent Franks an additional 600 pages of documents.  (*Id*. at Exh. 10.)  As a result, Baum requested Aetna further postpone its appeal review to allow him time to review the additional information.  Aetna granted this request.  (*Id*.)

- On January 27, 2010, Aetna granted another request by Baum to postpone the appeal review, this time until April 14, 2010.  (*Id*. at ¶ 15, Exh. 11.)

- On April 14, 2010, Baum sent Aetna additional medical records from Franks' treating doctors.  He also provided his completed appeal letter which consisted of his one-page account of Franks' condition.  Baum made no reference to and did not cite any of Franks' medical records, nor any of the purportedly essential documents outside the administrative record he claimed to have needed.  Almost two-thirds of Baum's letter is devoted to a reiteration of his demand for additional documents outside the claim record.  (*Id*. at ¶ 16, Exh. 12.)

- On April 19, 2010, Aetna notified Baum his request for documents beyond the claim record had been forwarded to the appropriate group, and a separate response would be issued.  Aetna further postponed the appeal review at Baum's request because he represented that additional information was available to support Franks' claim.  (*Id*. at ¶ 17, Exh. 13.)

- On May 12, 2010, Lisa Lawrence, Esq., also Franks' counsel, notified Aetna she had not

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    obtained a report from Franks' cardiologist, but would forward it to Aetna.   (*Id*. at ¶ 18,

2    Exh. 14.)

3    •   Because of the representation by Franks' counsel that potentially relevant information

4    was outstanding, on May 17, 2010, Aetna again postponed the appeal review to allow

5    Franks more time to provide the medical documentation Franks' counsel referenced.  (*Id*.

6    at ¶ 19, Exh. 15.)

7    •   On June 9, 2010, Aetna responded to the ongoing demands of Franks' counsel for

8    documents.  Although most of the documents already had been produced, Aetna provided

9    additional documents beyond the claim record.  Aetna again reiterated to Baum the

10   information needed to perfect Franks' claim.  (*Id*. at ¶ 20, Exh. 16.)

11   •   On June 22, 2010, and again on July 7, 2010, Baum requested additional time to obtain

12   information, and Aetna postponed the appeal review accordingly.  Aetna informed Baum

13   that once it had the information he promised, a decision would be rendered within 20

14   days unless an extension was needed.  (*Id*. at ¶¶ 21, 22, Exhs. 17, 18.)

15   •   On July 13, 2010, Baum provided the cardiologist's report to Aetna with a letter stating

16   that he "believe[d] that Aetna now has everything it needs."  He asked Aetna to notify

17   him of anything further necessary to perfect Franks' appeal.  Twenty days from July 14,

18   2010 (when the report was received) was August 2, 2010.  (*Id*. at ¶ 23, Exh. 19.)

19   •   On July 30, 2010, before the expiration of 20 days on August 2, 2010, Aetna informed

20   Baum it needed the additional 45-day extension, and thus the appeal review would be

21   completed by September 17, 2010.  (*Id*. at ¶ 25, Exh. 21.)

22   •   On or around August 12, 2010, Lisa Lawrence, Esq., Franks' co-counsel suggested that

23   there still was additional, potentially relevant information outstanding.  Consequently,

24   Aetna tolled its appeal further, until August 25, 2010, to allow Franks additional time.

25   This pushed the appeal deadline back to October 2, 2010, and Baum was so informed.

26   (*Id*. at ¶ 28, Exh. 24.)  However, **Baum refused to provide the additional information**

27   **Lawrence referenced,** and instructed Aetna to base its appeal on what it had.  (*Id*. at

28   ¶ 27, Exh. 23.)  In this same timeframe, Aetna and Baum exchanged several letters about

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

the need for Franks to sign an updated authorization for release of medical records. (*Id*. at ¶¶ 26, 29, Exhs. 22, 25.)

In the parties' communications during these three-weeks, Baum never suggested Aetna's review was taking too long, or the appeal decision date was objectionable or in any way improper.  Conversely, Aetna never deemed Franks' administrative remedies exhausted.  (*Id*. at ¶¶ 26, 29, 30, Exhs. 22, 25.)

- On August 18, 2010, Baum's last letter to Aetna before commencing litigation, Baum reiterated his request that Aetna refrain from putting Franks' appeal "on hold" until August 25.  (*Id*. at ¶ 29, Exh. 25.)  While Baum stated his belief Aetna had enough information to approve the claim, he did not indicate Franks intended to file suit if Aetna retained its original timeframe, or that he thought Franks had exhausted his administrative remedies.  (*Id*.)

Without any further communications from Baum or Franks, Franks filed his complaint on August 30, 2010 – less than two weeks later.  (Devlin Decl. at ¶ 47, Exh. 42.)

To summarize, Baum took four months just to submit Franks' appeal letter, thus postponing the appeal review until November 9, 2009.  Then, because of Baum's repeated requests for extra time, the appeal review ended up being tolled for 238 days total – almost 8 months.  (Misiaszek Decl. at ¶ 34.)  The administrative process was delayed by almost a full year because of Baum's dilatory handling of Franks' appeal.  Despite this, in his last pre-lawsuit correspondence, Baum insisted Aetna provide an immediate appeal determination well before the ERISA-mandated deadline.  (*Id*. at ¶ 29, Exh. 25.)

At the time of Baum's August 18 letter demanding immediate reinstatement, Franks' appeal still was squarely within the administrative review period.  (*Id*. at ¶ 29, Exh. 25.)  Aetna never agreed to complete its review earlier than August 25.  (*Id*. at ¶ 30.)  The ERISA-approved deadline by which to provide its response was October 2, 2010.  (*Id*. at ¶ 28, Exh. 24.)  Even if Baum disagreed with the decision to toll the review until August 25, the earlier appeal deadline without the tolling would have been September 17, 2010.  In either case, Franks' complaint was filed before the appeal decision, which *awarded* benefits, timely on October 1, 2010.  (*Id*. at ¶

-8-

1   33.)

2   **D.      The pleadings**

3          Franks initially alleged three causes of action in his complaint:  a claim for benefits due

4   under an ERISA plan; breach of fiduciary duty; and failure to provide ERISA documents.  Upon

5   his counsel being reminded that plan documents had been timely provided to him nearly a year

6   earlier, Franks dismissed the third cause of action for failure to provide ERISA documents.  (*See*

7   Devlin Decl. at ¶ 47, Exh. 42 ("Complaint").)

8          For his first claim, although Aetna had not issued its appeal decision, Franks contends

9   that "Defendants have failed and refused to pay Franks disability benefits to which Franks is

10  entitled under the terms of the Plan."  (Complaint at ¶ 7.)  Baum delayed providing necessary

11  documents to Aetna for nine months, yet Franks alleges in the complaint that "Defendants

12  unreasonably and wrongfully fail[ed] to conduct and complete timely a proper investigation and

13  review of plaintiff's claim."  (*Id*. at ¶ 9.)  Franks contends he suffered damages of "loss of

14  disability benefits, interest on those benefits, and attorneys' fees and expenses." (*Id*. at ¶ 10.)

15         For his breach of fiduciary duty claim, Franks re-alleges that Aetna failed to investigate

16  completely and timely, failed to provide a full and fair review, and failed to administer Franks'

17  claim in accordance with the Plan.  (*Id*. at ¶ 12)  Other than these allegations, Franks does not

18  specify what exactly Aetna did or did not do, or what Plan requirements were not met.  For this

19  cause of action, just like his first cause of action for benefits, Franks seeks an award of benefits,

20  and also declaratory relief "clarifying his rights under the Plan." (*Id*. at ¶ 13.)

21         On November 24, 2010, Aetna and Sprint answered the complaint.[2]  (Devlin Decl. at

22  ¶¶ 48, 49, Exhs. 43, 44.)  The answers generally deny the allegations and assert affirmative

23  defenses, including failure to state a claim on which relief may be granted; and failure to exhaust

24  administrative remedies.[3]  (*Id*. at Exh. 43 (pgs. 3, 4 ), and Exh. 44 (pg. 3).)

25  **E.      Post-lawsuit claim administration**

26         On September 9, 2010, less than a month before Aetna's anticipated appeal decision,

---

[2] At that time, the Defendants were represented separately.
[3] Because Franks' allegations about entitlement to benefits are moot at this point, and the breach of fiduciary duty claims are both moot and unripe, Defendants do not recite all of their applicable affirmative defenses here.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  Baum provided Aetna's counsel with 448 pages of additional documents he had obtained from

2  Franks' medical providers.  (*Id*. at ¶ 3, Exh. 2.)  Apparently, these were the documents Baum had

3  told Aetna were outstanding.  (*Id*.)  He did not provide these documents before filing Franks'

4  complaint.

5        On October 1, 2010, Aetna determined Franks was entitled to disability benefits from his

6  date of disability to the then-present.  (Misiaszek Decl. at ¶ 33.)  Because of the pending

7  litigation, Aetna communicated its determination to award Franks benefits orally through its

8  counsel on October 1, 2010.  (*Id*.; *see also* Devlin Decl. at ¶ 5.)  The written confirmation of this

9  decision was sent to Baum by facsimile on October 14, 2010. (Misiaszek Decl. at ¶ 36, Exh. 27.)

10        The award letter specified that Franks

11  
12  > does currently meet the Plan's 'own occupation' definition of disability effective
> February 26, 2009.  Therefore, the original decision to deny LTD benefits has
> been overturned and [plaintiff's] claim has been re-opened.  He will receive LTD
> benefits for the period February 26, 2009, through September 30, 2010.

13  

14  (*Id*.)

15        Aetna also specified that Aetna "will contact you regarding [plaintiff's] eligibility for

16  ongoing benefits." (*Id*.)

17        Ultimately, Aetna awarded Franks benefits for the entire own occupation period:

18  February 26, 2009, through February 25, 2011.  (*Id*. at ¶¶ 36-39, Exhs. 27-29.)  Aetna also

19  determined Franks was entitled to benefits under the "any occupation" standard beginning

20  February 26, 2011.  (*Id*.)  Franks has and will continue to receive his benefits from Aetna,

21  subject to the Plan terms.  Franks has been awarded, and has been paid up to the present, benefits

22  for the entire period for which he could be eligible for benefits.  (*Id*.)

23  **F.**   **Franks' counsel has unnecessarily hindered the claim administration process,**
**disguised as litigation efforts**

24  

25        Baum's continued involvement in the now-moot lawsuit has resulted in unnecessary

26  delays in the claim administration (e.g., payment, calculation of any applicable offsets and

27  further claim qualification).

28  

-10-

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

1    On November 29, 2010, Aetna had informed Baum it needed Franks to complete certain

2  forms and provide additional medical information for benefits beyond September 30, 2010.

3  (Misiaszek Decl. at ¶ 37, Exh. 28.)  Baum failed to provide the requested information until

4  February 8, 2011 (*Id*. at ¶ 38, Exh. 29), which resulted in a delay of benefit payments for four

5  months.

6    Under the Plan, Aetna is entitled to an offset for, among other things, an award of Social

7  Security benefits.  (*Id*. at ¶ 40.)  Baum failed to provide outstanding information about Franks'

8  Social Security benefits award for almost four months.  (Devlin Decl. at ¶ 38, Exh. 33.)   Finally,

9  Baum informed Aetna that Franks did not have the additional information, and Aetna should get

10  it directly from the Social Security Administration.  (*Id*. at ¶ 39, Exh. 34.)

11    When Aetna calculates offsets under the Plan, it could impact Franks' monthly benefit

12  payments.  (Misiaszek Decl. at ¶ 40.)  If there was an overpayment by Aetna, then it is entitled to

13  repayment from Franks.  If Baum had provided the SSA information earlier (which certainly

14  Franks himself, without need of counsel, could have readily provided), or had Franks obtained

15  the information from the SSA, the offset would have been calculated and there would have been

16  less delay in Franks' receiving his benefit payment and less impact on the benefit payment

17  amount and checks being passed between Franks and Aetna.  In other words, what should have

18  been simple requests for information and response turned into a tussle back and forth based on

19  the attorney involvement, which was completely unnecessary.  (*Id*.)

20    All of the pre- and post-lawsuit communication has been purely administrative, and

21  seemingly used by Baum as justification for his continued involvement in Aetna's administration

22  of Franks' claim.  Every time Aetna has requested dismissal of this lawsuit, Baum has refused

23  until certain new conditions were met.  However, even after the conditions were met, the

24  information was provided, and the questions were answered – whatever he has asked for – Baum

25  (on behalf of Franks) refused and still refuses to dismiss the lawsuit.  Instead, Baum has simply

26  made requests for information that are irrelevant to the claim, duplicative of prior requests and

27  certainly have no relationship to the litigation, which is moot.  (*See* Devlin Decl. at ¶¶ 6, 8, 9, 16,

28  17, 24, 26-41, 43, 45;  Exh. 4, 5, 6, 13, 20, 22-36, 38, 40.)  Baum has argued his continued

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    involvement in the claim process somehow legitimizes his fee demand.  (*Id*. at ¶ 23, Exh. 19.)

2    Not so.  He has done nothing but slow down the administrative process between Aetna and

3    Franks, just as he did nothing to achieve success on the merits of this lawsuit (which was already

4    decided by the reinstatement for benefits that Aetna did independent of the lawsuit).

5                                    **LEGAL ARGUMENT**

6                Defendants are entitled to summary judgment because the undisputed material facts show

7    that Franks cannot succeed on the merits on either of his two causes of action.  Summary

8    judgment is appropriate when the record shows "there is no genuine dispute as to any material

9    fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also*

10   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Microtec Research v. Nationwide Mut.*

11   *Ins. Co*., 40 F.3d 968, 970 (9th Cir. 1994).

12               Here, it is undisputed that Franks is receiving the relief (LTD benefits) he seeks.  If Aetna

13   denies benefits during the any occupation period, Franks can seek redress at that time, but not

14   now.

15   **A.**    **Defendants are entitled to judgment as a matter of law because franks failed to**
             **exhaust his administrative remedies before filing suit**
16

17               If Franks simply had waited until Aetna issued the appeal determination, then the lawsuit

18   would have been unnecessary.  The exhaustion of administrative remedies doctrine exists to

19   avoid needless litigation.  *See Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980).  Aetna and

20   Sprint included this affirmative defense in their respective answers.  (Devlin Decl. at Exh. 43

21   (pgs. 4), and Exh. 44 (pg. 3).)

22               ERISA requires a plan participant exhaust administrative remedies before instituting

23   litigation.  *See Amato, supra*, 618 F.2d at 566.  Franks' failure to do so is grounds for summary

24   judgment.  *See id*. at 561.  Here, Franks, through his counsel, was well aware that Aetna was

25   evaluating his appeal when he filed his complaint, as evidenced by the numerous letters sent

26   back and forth between Aetna and Franks' counsel.  Aetna notified Franks he should not expect

27   an appeal decision until October 2, 2010.  Yet, Franks filed his complaint on August 30, 2010.

28               To the extent Franks argues delays in the administrative review process supported a

                                                    -12-

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

                                                                CASE NO. CV 10-3880 CW

1    preemptive lawsuit, this argument is without merit.

2         Aetna was timely in its decision making under the Plan and ERISA rules and regulations.

3    Any delays in the appeal review process were brought about by Franks and his counsel.  Baum

4    did not provide Aetna with any additional information or substantive argument as to why he

5    believed Franks was entitled to benefits until April 14, 2010 - 281 days (more than 9 months)

6    after Franks' notice of intent to appeal.  It took counsel a month to provide Franks' authorization

7    to allow Aetna to obtain his medical records.  After Franks' April 14, 2010 appeal letter, Franks'

8    counsel's requests to allow him more time to produce additional information resulted in a delay

9    of an additional three months before Aetna could begin its appeal review.  Aetna requested one

10   45-day extension during the claim administration, and Aetna timely communicated its claim

11   decision to Franks.  Franks' lawsuit was simply premature.  *See Vaught v. Scottsdale Healthcare*

12   *Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008).

13        Although Baum contended in his correspondence with Aetna that he needed additional

14   documents outside the administrative record to prepare Franks' appeal, when he got them he

15   apparently did nothing with them.  Franks' April 2010 appeal letter did not reference, rely on, or

16   otherwise appear to make use of any information outside the administrative record.  Baum did

17   not reference any doctor notes, medical evaluations, or other health-related documents, and

18   instead argued about Franks' poor health.  Rather than cite to any of the medical records he was

19   provided, Baum instead instructed Aetna to "confirm this information directly with [Franks'

20   treating physician]."  Of the four-page appeal letter, less than one page is dedicated to a

21   discussion of why Franks was entitled to benefits.

22        In the parties' Joint Case Management Conference Statement [Dkt. 20], filed December

23   7, 2010, Aetna advised Franks, his counsel and the Court the claim was being decided by

24   Aetna's appeals unit and the lawsuit was premature.  Aetna further indicated there were no

25   factual issues, because the benefits decision was pending and the lawsuit should be dismissed or

26   stayed.  As to the legal issues, in the joint statement, Aetna indicated the issue was whether the

27   lawsuit was premature for failure to exhaust administrative remedies.  (*See* Devlin Decl. at 18,

28   Exh. 13A [12/07/10 Jt. Case Mgmnt. Stmnt.])

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

At the December 14, 2010 initial Case Management Conference, Aetna advised Franks' counsel and the Court of Aetna's claim decision instating Franks' LTD benefits. Aetna's counsel contended Franks' lawsuit was moot as to past benefits paid, and unripe as to future benefits. (*See* Devlin Decl. ¶ 18, Exh 13A)  In response to the Court's inquiry about remaining issues, Baum pointed to the second cause action. However, Franks' second cause of action is duplicative of, and seeks the same relief as, the first cause of action for recovery of benefits.

**B.      Aetna is and has been paying LTD benefits to Franks and agreed to do so through the "any occupation" period subject to the Plan terms**

Franks has been paid benefits for the entire period during which he claims disability. Franks is not owed any back benefits, and benefits have been awarded through the "any occupation" period, subject to the Plan terms. There is no unpaid benefit issue to litigate.

Federal courts only have the power to adjudicate "cases or controversies." *See* U.S. Const. Art. III, § 2. A case is nonjusticiable when it is moot – that is, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). A case may become moot at any point in the litigation, and the analysis does not end at the time of the complaint. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

The test to determine whether a claim is moot is whether a court can afford "meaningful relief." *See West v. Sec. of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000).

Here, Aetna already determined Franks was entitled to benefits during the entirety of the own occupation period. (Devlin Decl. at ¶6.) Aetna has paid Franks all benefits due and owing during the own occupation period. (Misiaszek Decl. at ¶ 39.) Aetna determined Franks is entitled to benefits under the "any reasonable occupation" period, subject to the Plan terms. (*Id.* at ¶ 38, Exh. 29.) It also has paid those benefits. (*Id.* at ¶ 39.) Franks has been paid all benefits to which he is entitled. (*Id.*) There is no further remedy the Court can order on this claim for relief. As such, Defendants are entitled to judgment as a matter of law.

This Court reached the same conclusion in a recent case on similar facts. *See Minton v. Deloitte & Touche USA LLP Plan*, 2011 U.S. Dist. LEXIS 60398, *2, fn. 3 (N.D. Cal. June 3,

-14-

1   2011)(Wilken, J.).  In *Minton*, the plaintiff sought long-term disability benefits the defendants

2   ultimately awarded him.  On plaintiff's subsequent summary judgment motion on his claim for

3   the disability benefits, this Court ruled the plaintiff's "ERISA claim for an award of these

4   benefits is moot."  *See id*. at *2, fn. 1.

5         The situation here is the same.  Franks' complaint seeks disability benefits, which Aetna

6   has already awarded and paid, and continues to pay.  Plaintiff's claim for benefits is moot, and

7   there is nothing left for the Court to do.

8   **C.    Franks' claim for breach of fiduciary duty is the same as his claim for benefits and**

9        **should be dismissed**

10        Franks' second cause of action for breach of fiduciary duty is duplicative of his first

11  cause of action.  Thus, Franks' cause of action for breach of fiduciary duty is also moot and

12  should be dismissed as a matter of law.

13        **1.    Franks' alternative demand for benefits is moot and legally improper**

14        Defendants are entitled to judgment as a matter of law on any claim that Franks is entitled

15  to an award of benefits.  Franks' breach of fiduciary duty claim alleges that Defendants "fail[ed]

16  properly and timely to investigate and administer Franks' claim for disability benefits, [failed] to

17  provide a full and fair review of Franks' claim, and [failed] to administer the Plan in accordance

18  with the purposes of the Plan and for the exclusive benefit of its beneficiaries."  (Complaint

19  ¶ 12.)  As a result of these alleged failures, Franks seeks damages of "loss of disability benefits"

20  and related compensatory damages.  (*Id*. at ¶ 13.)

21        The only damages Franks claims to have suffered from the alleged breach of fiduciary

22  duty is loss of benefits, which is the same relief sought in the first cause of action.  For this claim

23  to remain viable, this Court must be able to award Franks meaningful relief, yet none is

24  available.  *See West, supra,* 206 F.3d at 925.   As discussed, Aetna already paid Franks the

25  benefits he seeks.  Nothing further being owed, Franks has no damages, and this Court cannot

26  provide him with meaningful, or any additional relief.

27        Further, ERISA does not allow an individual plan participant (such as Franks) to seek

28  compensatory damages for breach of fiduciary duty.  *See Great-West Life & Annuity Ins. Co. v.*

-15-

*Knudsen*, 534 U.S. 204, 221 (2002).  Here, Franks seeks compensatory damages:  alleged lost benefits and related monetary damages.  Even putting aside the mootness issue, Franks cannot obtain this relief.

### 2.   Franks' breach of fiduciary duty claim is legally improper because he has another adequate remedy under ERISA

To the extent Franks seeks an equitable remedy, Defendants are entitled to summary judgment because plaintiff has another adequate remedy under ERISA.  His first cause of action for benefits provides the same relief he seeks for his second cause of action for breach of fiduciary duty.

Although not specifically stated in the complaint, Franks' breach of fiduciary duty claim must be based on ERISA § 502(a)(3) because it is the only ERISA section authorizing such an action.[4]  ERISA § 502(a)(3) authorizes a plan participant to sue to enjoin violations of ERISA or the terms of the plan or "for other appropriate equitable relief" to redress alleged ERISA violations.  *See* 29 U.S.C. § 1132(a)(3); *see also Mathews v. Chevron Corp*., 362 F.3d 1172, 1183–1185 (9th Cir. 2004).  Individual plan participants are only entitled to equitable relief.  *See Great-West supra*, 534 U.S. 204.  Thus, Franks' claim for breach of fiduciary duty only properly could seek equitable relief, not compensatory damages.

Franks could bring a breach of fiduciary duty claim to seek such equitable relief only if he had no other adequate remedy available to him under ERISA.  That not being the case, Franks' breach of fiduciary duty claim fails as a matter of law.

Section 502(a)(3) is referred to as a "catchall" provision allowing relief for breach of fiduciary duty only when no other adequate relief is provided by ERISA.  *See Varity Corp. v. Howe*, 516 U.S. 489, 508-516 (1996); *accord Great-West, supra*, 534 U.S. at 221 n. 5.  Here, the damages Franks contends he suffered because of Defendants' alleged breach of fiduciary duty are "loss" of disability benefits.  (Complaint at ¶ 13.)   Because ERISA already provides an adequate remedy for this alleged loss under Section 502(a)(1)(B), a remedy Franks seeks in his

---

[4] While Section 502(a)(2) also authorizes an action for equitable relief, a plan participant can only bring this claim if seeking a benefit for the entire Plan.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

1  first cause of action, Franks' breach of fiduciary duty claim is improper.

2        Franks cannot obtain equitable relief for the same loss as alleged in his claim for benefits.

3  *See Ford v. MCI Communications Corp. Health & Welfare Plan,* 399 F.3d 1076, 1081, 1083 (9th

4  Cir. 2005). A plaintiff whose injury consists of a denial of benefits "has adequate relief available

5  for the alleged improper denial of benefits through his right to sue [the benefit plan] directly

6  under section [502(a)(1)]," and thus "relief through the application of [Section 502(a)(3)] would

7  be inappropriate." *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610-11 (5th Cir.1998); *see also*

8  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474-75 (9th Cir.1997).

9        ERISA provides appropriate redress for an alleged failure to provide disability benefits

10  under Section 502(a)(1)(B). Franks' attempt to re-label his demand for benefits as a claim for

11  equitable relief for breach of fiduciary duty fails as a matter of law.

12  **D.   Franks' breach of fiduciary duty claim is nonjusticiable**

13        The only remedies available for breach of fiduciary duty claim are equitable. However,

14  any demand for equitable relief here is nonjusticiable. In his prayer for relief, Franks seeks "a

15  declaration clarifying his rights under the Plan," and "such equitable relief as the Court deems

16  just and proper." A claim for declaratory relief regarding past benefits is moot. A claim for

17  declaratory relief regarding future benefits is speculative and unripe. Under the Plan, Aetna

18  awarded Franks' benefits through the any occupation period, subject to the Plan terms and

19  conditions. There is no need for judicial clarification of his rights under the Plan.

20        **1.     Equitable relief for past benefits is moot**

21        Franks cannot be seeking relief concerning his past benefits, which have been paid. To

22  the extent he is, the claim is moot. "[D]eclaratory relief is appropriate (1) when the judgment

23  will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it

24  will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to

25  the proceeding." *Eureka Fed. Say. & Loan Ass'n v. Am. Cas. Co.,* 873 F.2d 229, 231 (9th Cir.

26  1989)(holding declaratory relief proper because the basis for breach of fiduciary claim was on-

27  going).

28        Here, Aetna has paid back benefits to Franks. Aetna does not owe him additional

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    benefits.  There is nothing to clarify or settle with respect to Franks' back benefits.  Further, there

2    is no uncertainty or controversy and thus, no need for this Court's judgment concerning back

3    benefits, which have been paid.

4            **2.**     **Equitable relief for future benefits is unripe and unnecessary**

5           Aetna has determined that Franks is disabled under the any occupation standard, and has

6    been paying him benefits accordingly.  However, to obtain benefits for the remainder of the

7    policy period, Franks must continue to satisfy the Plan's terms and conditions.  Franks' future

8    compliance with Plan requirements is unknown.  Asking this Court to declare entitlement to

9    future benefits would effectively substitute this Court as the Plan's claim administrator instead of

10   Aetna.  This would be an unworkable and an impracticable position for the Court and would

11   ignore the provisions of the disability plan that obligate claimants to provide ongoing proof of

12   their eligibility for continued benefits.

13          **a.**     **A declaration of Franks' future benefits inappropriately would make**

14               **the court act as the claims administrator**

15          Under ERISA, the Court's role is to *review* the propriety of a claim administrator's

16   decision, not to *act as* the claim administrator by construing plan terms and making decisions

17   that were never before a claim administrator in the first place.  In *Vizcaino v. Microsoft Corp*.,

18   120 F.3d 1006, 1013-1014 (9th Cir. 1997), the Ninth Circuit remanded an issue regarding

19   benefits under an ERISA plan to the claim administrator when the particular question at issue

20   had never been before the claim administrator to decide.  *Id*.  *Vizcaino* explained the

21   determination of ERISA benefits involved an "issue of plan construction, one on which the

22   administrator has not opined."  *Id*.  The court "should not allow ourselves to be seduced into

23   making a decision which belongs to the plan administrator in the first instance. . .we cannot, and

24   will not, predict how the plan administrator, who has the primary duty of construction, will

25   construe the terms..."  *Id*.  The court stated:

26          We would set a poor precedent were we to intrude upon that exercise of discretion
       before he [the claim/plan administrator] has even considered and ruled upon the

27          issue.  We would encourage the dumping of difficult and discretionary decisions
       into the laps of the courts, although one of the very purposes of ERISA is to avoid

28          that kind of complication and delay.  *Id*.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    Here, if the Court decided Franks' entitlement to future benefits, it would adjudicate a

2  question that Aetna has yet to decide.  Franks has an on-going requirement to meet the definition

3  of disability under the Plan, and to comply with the Plan's reporting requirements.  The Court

4  cannot now rule on Franks' entitlement to future benefits, which would essentially determine

5  Franks' future functional incapacity, his qualification for disability benefits under the Plan and

6  address questions never before the claim administrator.  This would effectively void the Plan

7  terms concerning the on-going qualification requirement.

8         **b.    Because Aetna has not denied franks future benefits, his claim is
                  unripe**

9

10   Franks cannot now seek adjudication regarding his entitlement to future benefits because

11  they have not been denied.  There is no issue for this Court to decide.  *If* Aetna stops paying

12  future benefits, *then* Franks can pursue his remedies available under ERISA.  Until then, his

13  claim is unripe.

14   Addressing declaratory relief, the U.S. Supreme Court held "the question in each case is

15  whether the facts alleged, under all the circumstances, show that there is a substantial

16  controversy, between parties having adverse legal interests, of sufficient immediacy and reality

17  to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil

18  Co.*, 312 U.S. 270, 273 (1941).  A court cannot grant declaratory relief if the asserted controversy

19  involves only future or speculative rights.  *See City of Santa Barbara v. U.S.,* 269 F.Supp. 855,

20  862 (C.D. Cal. 1967); *see also Hunt v. State Farm Mut. Auto Ins. Co.*, 655 F.Supp. 284, 286

21  (D.Nv. 1987).

22   In a case where an ERISA plan participant sought a declaratory judgment that he was

23  entitled to a specific benefits award for the rest of his life, the court granted summary judgment

24  to the defendants.  *See Stenson v. Jefferson Pilot Fin. Ins. Co.*, 2008 U.S. Dist. LEXIS 46298,

25  *13, *18 (C.D. Cal. 2008).  Because entitlement to future benefits depended on specific

26  conditions precedent, the court could not order the declaratory relief plaintiff sought as it was too

27  speculative.  *See id*. at *15-*16.  There was no ripe controversy between the parties because the

28  plaintiff's benefits were being paid, and the defendants were not threatening to stop paying the

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    benefits.  *See id.* at *16.  Hence, any controversy was "purely hypothetical."  *See id.*

2           The situation here is the same.  Pursuant to the Plan terms, Aetna has determined Franks

3    will continue to be entitled to benefits so long as he continues to meet the requirements for

4    benefits.  (*See* Misiaszek Decl. at Exh. 29.)  These requirements include, for example, that

5    Franks continue to meet the Plan's definition of disability under the "any reasonable occupation"

6    standard, and remain under the regular care of a licensed physician appropriate for his condition.

7    (*Id.*)  This Court, like the court in *Stenson*, cannot know whether Franks will continue to meet

8    these requirements in the future, even if he declares today his intention to do so. Any declaratory

9    judgment regarding Franks' future benefits would be speculative and purely hypothetical.

10          Aetna has not threatened to deny Franks benefits in the future.  The requirement Franks

11   continue to provide proof of on-going entitlement to benefits cannot be construed as a "threat,"

12   but merely part of normal and proper claim administration under the Plan that Franks is relying

13   on for his disability benefits.

14          For these reasons, Franks is not entitled to declaratory relief, or any other equitable relief.

15   **E.      Franks is not entitled to any remedy and cannot prove the necessary elements of his
16           cause of action**

17          Franks has received the available relief he seeks.  Franks cannot obtain either

18   compensatory or equitable relief, and he should not receive attorney's fees or prejudgment

19   interest.

20           **1.      Franks is not entitled to attorney's fees because he did not obtain "some
21                   relief on the merits"**

22          Defendants anticipate, and dispel here, any argument by Franks for recovery of fees.

23   While an award of attorney's fees is discretionary, cases interpreting the ERISA fee provision

24   have required at least some court involvement.  ERISA states that:

25           In any action under this subchapter . . . by a participant, beneficiary, or fiduciary,
26           the court in its discretion may allow a reasonable attorney's fee and costs of action
             to either party.

27   29 U.S.C. § 1132(g)(1) (ERISA § 502(g)(1)).

28

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

The United States Supreme Court has held that before a court can consider awarding fees under ERISA, a party must show he or she has achieved "some relief on the merits." *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149, 2152 (2010); *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1120-21 (9th Cir. 2010) (plaintiff must achieve some success on the merits before *Hummell* factors are even considered). The *Hardt* Court clarified "that, absent some degree of success on the merits by the claimant, it is not 'appropriate' for a federal court to award attorney's fees under [a similar statute]." *Id.* at 2158 (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

Here, Franks filed a premature lawsuit while Aetna's claim decision was pending and about to issue. Within the ERISA-mandated appeal timeframe and consistent with the Plan, Aetna decided to award Franks benefits. Aetna then timely determined Franks was disabled under the "any occupation" Plan definition. The results of these administrative claims handling procedures were communicated to Franks, his attorney, and the Court as soon as they were made.

Franks has achieved no relief at all from this Court related to this case or in terms of his lawsuit. The Court has not been asked to, nor is there any need to, adjudicate any issues with respect to Franks' claim for recovery of benefits.

It seems obvious that a plaintiff in an ERISA case who has not obtained any relief from a court cannot obtain an award of attorneys' fees. Perhaps this is why Defendants could find no post-*Hardt* cases awarding a plaintiff attorneys' fees in an ERISA case when she or he had not obtained any relief through the litigation.

The issue in *Hardt* was whether to apply the "prevailing party" analysis as presented in *Buckhannon Board and Care Home Inc. v. West Virginia Department of Health,* 532 U.S. 598 (2001)), to an award of ERISA attorneys' fees, or whether the "partially prevailing party" standard applies, as described in *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983). Put another way, the question really was one of degree – that is, the threshold level of success a party needed before the court could contemplate exercising its discretion to award fees. In cases interpreting the "prevailing party" standard, courts held that a party needed to obtain a judgment (or other enforceable final decision) that resulted in "substantial success" on a "central issue" in the

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1   litigation.  *See Ruckelshaus, supra,* 463 U.S. at 688.  By contrast, the *Ruckelshaus* "partially

2   prevailing party" standard required "some degree of success on the merits."  *Id.* at 694.

3        Thus, by adopting the *Ruckelshaus* analysis, *Hardt* only lowers the level of success

4   required to seek attorneys' fees in an ERISA case, but does not abolish it.  In fact, the court was

5   clear that it never awarded a party attorney's fees when an alteration of the party's circumstances

6   did not derive from some judicial action.  *Buckhannon, supra*, 532 U.S. at 606 ("[n]ever have we

7   awarded attorney's fees for a nonjudicial alteration of actual circumstances")(internal citations

8   omitted).  *Hardt* did not change this rule.  Thus, because nothing Aetna did was caused by a

9   judicial ruling, Franks' anticipated argument that his counsel's actions caused Aetna's appeal

10  determination has no merit.

11  **2.    Franks is not entitled to interest on past benefits because there was no
                judgment and no finding Aetna acted wrongfully**

12

13       "Whether interest will be awarded is a question of fairness, lying within the court's sound

14  discretion, to be answered by balancing the equities."  *Shaw v. International Assoc. of Machinists*

15  *& Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985).  However, a court's

16  discretion is not unlimited.  *See Hardt, supra*, 130 S. Ct. at 2158.  *Hardt*'s requirement that a

17  plaintiff achieve some success on the merits is the threshold that Franks must meet to allow a

18  court even to consider whether to exercise its discretion.  Because Franks failed to do so, an

19  interest award is unwarranted.

20       **a.    Because there is no judgment, there can be no prejudgment interest
                award**

21

22       Almost without exception, in all cases awarding interest on back benefits, there was

23  either a judgment in plaintiff's favor, or some finding that the delay in benefits payments was

24  wrongful.  *See e.g. Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001)

25  (plaintiff awarded judgment granting benefits).  Here, there has been no judgment, no opinions

26  on the merits at all, and certainly no determination that Aetna (or the Sprint Defendants) acted

27  improperly.  Thus, this Court should not exercise its discretion to award prejudgment interest

28  when there has been no relief on the merits and no finding of wrongful delay.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

In *Smyrni v. U.S. Investigative Services LLP Plan*, 2010 U.S. Dist. LEXIS 20002 (N.D. Cal. 2010), there was an unopposed request for judgment interest. In that case, the plaintiff's demand for interest was not supported by any law, and the defendants failed to oppose the request.[5] The opinion noted the defendants failed to cite law that would require the court to deny the request for prejudgment interest, and issued its decision to award interest without analysis. Here, the situation is different and this Court should not entertain a request for judgment interest, even if made by Franks.

### b.     The court should deny an award of interest

The facts of *Smyrni* are distinguishable and an interest award would not be equitable. *See Fleming v. Kemper Nat'l Servs.*, 373 F. Supp. 2d 1000, 1012 (N.D. Cal. 2005). An award of interest is meant to "compensate" a party for a wrongful delay in payment, *see Dishman, supra*, 269 F.3d at 988, but in *Smyrni*, the delay was significant and unexcused. Three years had passed between the plaintiff's initial eligibility for benefits and ultimate payment of those benefits. That appeal process lasted for 2 years and 9 months, and continued for almost a year after litigation was initiated.

Here, the entire length of time between the initial denial of Franks' claim and the award of benefits was one year and 117 days (June 19, 2009, to October 14, 2010). (*See* Misiaszek Decl. at ¶¶ 6, 34.) Within that time period, though, Franks did not even submit his appeal until November 6, 2009 – almost four months later. (*Id*. at ¶ 10, Exh. 7.) Even then, Franks' disclosures that additional potentially relevant information remained outstanding prevented Aetna from beginning its appeal review. (*Id*. at ¶ 34.) Less than a month later, requests by Franks' own counsel for extensions in which to submit additional medical evidence and an appeal analysis delayed the process by approximately nine months.[6] (*Id*.)

Finally, in July 13, 2010, Franks' counsel provided Aetna with some additional documents and represented his belief "that Aetna now has everything it needs in order to review and pay [Franks'] disability insurance claim." (*Id*. at ¶ 23, Exh. 19.) Even assuming that Aetna

---

[5] Defendants only opposed plaintiff's demand for an interest rate higher than the required Treasury Bill rate.
[6] December 4, 2009, through April 14, 2010, and April 19, 2010, through July 13, 2010.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW

could have begun its review immediately[7], the regulations promulgated under ERISA provide 45 days to consider the appeal, with additional extensions of 45 days on written notification. Aetna requested one 45-day extension. (*Id*. at ¶ 25, Exh. 21.) Therefore, Aetna's decision needed to be rendered by October 2, 2010. (*Id*. at ¶ 28, Exh. 24.) In fact, it was rendered on October 1, 2010 (*Id*. at ¶ 33), and was communicated orally to Franks' counsel that same day. (*See* Devlin Decl. at ¶ 5.) The letter commemorating the decision and the reasons on which it was based was sent by facsimile to Baum on October 14, 2010. (Misiaszek Decl. at ¶ 36, Exh. 27.) Franks' first benefits check was received October 25, 2010. (Devlin Decl. at ¶ 8, Exh. 5.)

Thus, of the one year and 117 days between the initial denial of benefits and the ultimate benefits award on appeal, Aetna only took 90 days to consider Franks' appeal. This length of time was reasonable, allowed by ERISA's regulations, and authorized by the Plan terms. For Franks to expect an award of interest based on his counsel's delays in providing information, authorizations, documents, and analysis would afford him a windfall rather than compensate him for a loss.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant Defendants' motion for summary judgment.

DATED:  October 20, 2011                          Respectfully submitted,

                                                  GORDON & REES LLP


                                                  By: _____/s/ *Tad A. Devlin*_____
                                                       TAD A. DEVLIN
                                                       JOEL A. MORGAN
                                                  Attorneys for Defendant

---

[7] Aetna contends it was not able to because Franks' counsel subsequently represented that there still was more medical evidence, and counsel failed to timely provide an updated release.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. CV 10-3880 CW